*1011 OPINION.
Smith :
The petitioners claim that the earnings of the Partnership belong to the Corporation, and that they never received any portion of such earnings. In effect, they seek to repudiate the sworn statement on the Partnership return for 1923 and contend that they were not the owners or operators of the Glenn Colusa Sheep Company, but that it was in reality the enterprise of the finance company and that they (the petitioners) were mere employees. It appears that the Partnership was “ set up ” for the purpose of creating a more favorable balance sheet so that the same operations, theretofore conducted through the Corporation (owned' and controlled by these petitioners), could be continued under a new finance arrangement. At the hearing, petitioner Moore testified that he and Peterson set up the Glenn Colusa Sheep Company.
Section 2395 of the Civil Code of California defines a partnership as “ the association of two or more persons, for the purpose of carrying on business together, and dividing its profit between them.” No sufficient evidence has been offered to show the nonexistence of the Partnership, which the petitioners now seek to repudiate. Section 218 (a) of the Eevenue Act of 1921 provides in part that:
* * * There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, * * *
The reported net income of the Partnership has been properly included in the net income of these petitioners. The income of the Partnership was used to reduce the indebtedness of the Corporation, for which the petitioners had a liability as endorsers. The reduction of that liability pro tanto benefited these petitioners, and their acquiescence in such application of the income that otherwise would have been distributed to them does not relieve them of their tax liability thereon. Cf. Gold & Stock Telegraph Co., 26 B. T. A. 914.

Judqment will l>e entered for the respondent.